IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARCHITECTURAL IRON WORKERS' LOCAL NO. 63 WELFARE FUND, ARCHITECTURAL IRON WORKERS' LOCAL NO. 63 DEFINED CONTRIBUTION PENSION FUND, and the ARCHITECTURAL METAL TRAINEE SCHOOL FOR LOCAL NO. 63 AND THE IRON LEAGUE OF CHICAGO, INC., and the ARCHITECTURAL and ORNAMENTAL IRONWORKERS' UNION LOCAL NO. 63, <br><br> Plaintiffs, <br><br> v. <br><br> MORCOM CONSTRUCTION COMPANY, an Illinois corporation, <br><br> Defendant. | Case No: |

## COMPLAINT

Plaintiffs, the ARCHITECTURAL IRON WORKERS LOCAL NO. 63 WELFARE FUND, et al., by its attorney, Kristin M. Reepmeyer, and the law firm of Gregorio ♦ Marco, complain of the Defendant, MORCOM CONSTRUCTION COMPANY, an Illinois corporation, and allege as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act (29 U.S.C. §§1132 et. seq.). Jurisdiction is founded on the existence of questions arising thereunder.

2. Plaintiffs, the ARCHITECTURAL AND ORNAMENTAL IRON WORKERS' LOCAL NO.63 WELFARE FUND, et. al. (collectively referred to as the "the Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements

between employers and the ARCHITECTURAL AND ORNAMENTAL IRON WORKERS' UNION LOCAL NO. 63, ("the Union").

3. The Trust Funds are multi-employer plans as defined under 29 U.S.C. §1002. Their principal offices are located in Oakbrook, Illinois, within the Northern District of Illinois.

4. Defendant, MORCOM CONSTRUCTION COMPANY, is an employer engaged in an industry affecting commerce. Its principle office is located at 521 E. 67th Street, Chicago, Illinois, and is within the Northern District of Illinois.

5. Defendant entered into a Memorandum of Agreement ("Agreement"), attached hereto as **Exhibit A**, which binds it to the terms and conditions of the Agreement between the Iron League of Chicago, Inc., and the Architectural and Ornamental Iron Workers' Union Local 63 ("the Collective Bargaining Agreement" or "CBA") and whose terms require Defendant to pay fringe benefits to the Trust Funds.

6. The Agreement and the Collective Bargaining Agreement also bind Defendant to the provisions of the Agreement and Declarations of Trust which created the Architectural Iron Workers' Local No. 63 Trust Funds ("Trust Agreements").

7. Defendant is required to make contributions to the Local 63 Trust Funds for each hour worked by its employees at the rate and in the manner specified in the Collective Bargaining Agreement and Trust Agreement. In addition, Defendant is required to make contributions to the Union measured by the hours worked by employees and/or Local 63 members at the rate and in the manner specified in the Collective Bargaining Agreement and Trust Agreement for the Local 63 Trust Funds. The Defendant is also liable for subcontracting iron work to any company that does not pay the contributions according to the terms of the Trust Agreements.

8. As an employer obligated to make fringe benefit contributions to the Trust Funds, Defendant is specifically obligated to compensate Plaintiffs for the additional administrative costs and burdens imposed by Defendant's failure to pay, or untimely payment of, contributions, by paying liquidated damages on the whole amount of contributions remaining unpaid, with interest, as provided in 29 U.S.C. §1132(g).

9. As an employer obligated to make fringe benefit contributions to the Trust Funds, Defendant is specifically obligated to pay Plaintiff's reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to recover delinquent contributions, as provided in 29 U.S.C. §1132(g).

10. Defendant, MORCOM CONSTRUCTION COMPANY, breached the provisions

2

of the Collective Bargaining Agreement and Trust Agreement by failing to submit fringe benefit contributions for the months of November 2015 through the present.

11. Plaintiffs have requested that Defendant perform its obligations listed above, but Defendant has failed and refused to so perform.

12. As a result of said breaches, the Defendant is also liable to the plaintiffs for the following ancillary damages in addition to the fringe benefit contributions:

    a. Attorneys' fees and costs pursuant to the CBA, Trust Agreements and 29 U.S.C. §1132(g)(2);

    b. Liquidated damages and interest pursuant to the Trust Agreements and 29 U.S.C. §1132(g)(2); or

    c. Double interest pursuant to 29 U.S.C. §1132(g)(2), whichever is greater.

WHEREFORE, Plaintiffs pray:

A. That Defendant be ordered to pay all contributions for the months of November 2015 through the present pursuant to 29 U.S.C. §1132(g)(A);

B. That Defendant be ordered to pay interest on the delinquent contributions pursuant to 29 U.S.C. §1132(g)(2)(B);

C. That Defendant be ordered to pay the reasonable attorney fees and costs incurred by Plaintiffs pursuant to 29 U.S.C. §1132(g)(2)(D);

D. That Defendant be ordered to pay liquidated damages and interest or double interest on the delinquent contributions pursuant to 29 U.S.C. §1132(g)(2)(C);

D. That Plaintiffs have such other and further relief as the Court deems just and equitable.

                                            By: /s/ Kristin M. Reepmeyer
                                                KRISTIN M. REEPMEYER

Kristin M. Reepmeyer
ARDC# 6311325
Gregorio ♦ Marco
Attorney for Plaintiffs
2 N. LaSalle St., Suite 1650
Chicago, IL 60602
312/263-2343